UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH GRAY (#114113)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 15-103-SDD-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 3, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH GRAY (#114113)

VERSUS                                                  CIVIL ACTION

N. BURL CAIN, ET AL                                     NUMBER 15-103-SDD-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is the Defendants' Rule 12(b)(6) Motion to Dismiss. Record document number 13. The motion is opposed.[1]

Defendants' Rule 12(b)(6) Motion to Dismiss was filed on May 6, 2015. Plaintiff filed a Motion for Leave to Amend on May 26, 2015.[2] This was the plaintiff's first motion for leave to amend his complaint, and it was filed within the time provided under Rule 15(a)(1)(B), Fed.R.Civ.P. Plaintiff's Motion for Leave to Amend was granted.[3] Of course, the defendant's motion to dismiss addresses allegations and claims in the plaintiff's original Complaint. And while many of those allegations remain in the plaintiff Amended Complaint, the Amended Complaint also makes allegations relevant to the issue on which the defendants moved to dismiss - that the plaintiff failed to allege a physical injury.

---

[1] Record document number 14.

[2] Record document number 18

[3] Record document number 22; record document number 23, Amended Complaint.

These new allegations directly address the defendants' failure-to-allege-a-physical-injury argument.[4]

In these circumstances, the better course is to deny the defendants' motion, without prejudice to the defendants filing a motion to dismiss the plaintiff's Amended Complaint, should they decide to do so.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Defendants' Rule 12(b)(6) Motion to Dismiss be denied, without prejudice to the defendants moving to dismiss the plaintiff's Amended Complaint.

Baton Rouge, Louisiana, June 3, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] For example, the plaintiff's Amended Complaint alleges:
> Plaintiff's nose be[g]an to ache an throb[] along with a burning sensation as if it were being eaten by some chemical. Any movement of the plaintiff's nose caused a sticking sensation such as needles or p[i]ns. Plaintiff's nose scabbed over many times [and] when one fell off another one formed. The sore got bigger and bled periodically from bene[a]th the scab. Plaintiff lost most of the layers of skin on the side of his nose. This left an indent or crater."

Record document number 23, pp. 4-5. Plaintiff also alleged that a doctor at the prison informed the plaintiff that he had "facial cancer." *Id.* at 6.

2